# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2020

Lyle W. Cayce
Clerk

No. 19-60248
Summary Calendar

TANG CHEN,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 436 390

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tang Chen, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals dismissing her appeal from the order of the immigration judge denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. The Board determined that the immigration judge's adverse credibility ruling was not clearly erroneous given the inconsistencies in the record concerning the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60248

following: whether Chen knew the name of the person who owned the home where Chen attended two Christian gatherings; whether a detention warrant in the record confirmed that Chen resisted arrest, was detained, and was fined; whether Chen was living with her husband or father at the time of her detention by the police; the date that Chen had identified as the day she was married; and the number of times that the police required Chen to report following her release from detention.  Chen timely petitioned this court for review after the Board reissued its opinion.  8 U.S.C. § 1252(b)(1).

We review for substantial evidence the findings that Chen is not credible, *see Wang v. Holder*, 569 F.3d 531, 536–40 (5th Cir. 2009), and that she is not eligible for asylum, withholding of removal, or relief under the Convention Against Torture, *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, we may not reverse a factual finding unless the evidence compels it.  *Wang*, 569 F.3d at 536–37; § 1252(b)(4)(B).

Chen must demonstrate that the evidence compels a contrary conclusion, but she has not done so.  *See Wang*, 569 F.3d at 537.  The adverse credibility ruling was not based on pure speculation or conjecture.  *See id.*  Instead, it was based on specific inconsistencies in statements made by Chen during her credible fear interview, in her asylum application, and at an immigration hearing.  *See id.*  Chen's explanations for the inconsistencies fail to show that, under the totality of the circumstances, any reasonable factfinder would have found her credible.  *See id*. at 537–38.  Given the adverse credibility ruling and Chen's failure to point to corroborative evidence in the record supporting her claims, other than to general statements in documents on religious persecution in China, we conclude substantial evidence supported denying Chen relief.  *See Dayo v. Holder*, 687 F.3d 653, 657–59 (5th Cir. 2012).

The petition for review is DENIED.